NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 15, 2021[*]
Decided September 16, 2021

**Before**

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 20-2670

| | |
|---|---|
| ROBERT ALVAREZ, | Appeal from the United States District Court |
| *Plaintiff-Appellant,* | for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | No. 14 C 4208 |
| TERRANCE P. BAKER, et al., | Jorge L. Alonso, |
| *Defendants-Appellees.* | *Judge.* |

**O R D E R**

Robert Alvarez—who released the defendants from this suit alleging that they violated his rights under the Fourteenth Amendment while he was in pretrial detention—appeals the dismissal of this suit. Because he never offered to return the

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

payment that he received in exchange for the release, and the district court properly ruled that the release is valid and enforceable by dismissal, we affirm.

Invoking 42 U.S.C. § 1983, Alvarez sued the defendants (Cook County and officials at Cook County Jail) after detainees at the jail assaulted him, fracturing his jaw. He alleged that the defendants violated his Fourteenth Amendment rights by failing to provide a safe environment, treat his jaw injury, and furnish insulin for his diabetes. The court recruited counsel for Alvarez and allowed him to proceed on his unsafe-conditions and medical-care claims.

Alvarez reached a settlement with the defendants. Represented by counsel at the settlement conference, he signed a general release of liability in exchange for payment of $85,000. The agreement states that the payment "i[s a] full and complete settlement of this lawsuit," and released the defendants from "all claims and demands of whatever nature," including "injunctive relief claims." The parties then stipulated to having reached a settlement, and at their request the court dismissed the case with prejudice. The County was inadvertently excluded from the stipulation to dismiss, so it successfully moved the court to reopen the case in order to have the record reflect that the County also stipulated to dismissal.

Once the court reopened the case to correct the record, a dispute arose over the next steps. The County asked the court to enforce the settlement by dismissing the case again. The court ordered Alvarez's counsel to respond, but counsel never did. Instead, Alvarez opposed the motion pro se, stating that he had not recently spoken to his lawyer, had not received jaw surgery, and wanted a new settlement payment of $330,000. The district court granted the County's motion and dismissed the case. Although disappointed that Alvarez's counsel had seemingly "disappeared," the court reasoned that the settlement was nonetheless valid and justified dismissal because Alvarez had signed the release and accepted payment under it.

On appeal, Alvarez asks us to reinstate his lawsuit, but the appellees argue that we should dismiss the appeal because Alvarez's brief is "incomprehensible." *See* FED. R. APP. P. 28(a)(8). We construe it generously, *see Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 811 (7th Cir. 2017), and can discern that Alvarez argues that the settlement is invalid. We review for clear error the district court's factual findings, *see Platinum Tech., Inc. v. Fed. Ins. Co.*, 282 F.3d 927, 930–31 (7th Cir. 2002), de novo its conclusion that the parties settled, *see Beverly v. Abbott Lab'ys*, 817 F.3d 328, 332 (7th Cir. 2016), and for abuse of discretion its decision to enforce the settlement with dismissal. *See id.*

For two reasons, we will not disturb the dismissal. First, Alvarez has "neither returned nor offered to return" the $85,000 payment, which the district court found that Alvarez received and kept. *Hampton v. Ford Motor Co.*, 561 F.3d 709, 717 (7th Cir. 2009). Alvarez does not dispute that finding, and so it is not clearly erroneous. An offer to return the consideration of a settlement is a precondition to having a court consider whether to reinstate a case previously dismissed under the settlement, so Alvarez's failure to meet this condition is alone a sufficient ground on which to affirm. *Id.*

Second, even if Alvarez had tendered the payment, the district court properly ruled that the settlement was valid and enforceable by dismissal. Alverez admitted that, despite some qualms, he "signed and submitted" the settlement voluntarily while represented by counsel. A settlement is a contract, *see Platinum Supplemental Ins., Inc. v. Guarantee Tr. Life Ins. Co.*, 989 F.3d 556, 563 (7th Cir. 2021), and, in Illinois (whose law the parties agree governs), courts look to the "plain and ordinary meaning" of its terms. *Stampley v. Altom Transp., Inc.*, 958 F.3d 580, 586 (7th Cir. 2020) (citation omitted). Its language provides that it is a "full and complete settlement of this lawsuit" and $85,000 is consideration for a general release of liability from "all claims and demands of whatever nature," including injunctive relief. Alvarez's pro se objections to enforcing these terms, which the court considered when his lawyer filed no objections, are unavailing. He explained that he wants more rights under the agreement, but his dissatisfaction does not alter the terms to which he agreed while counseled. As the district court rightly observed, Alvarez is not entitled to "relief that he did not bargain for." *See Castellano v. Wal-Mart Stores, Inc.*, 373 F.3d 817, 820 (7th Cir. 2004). Having determined that the parties validly settled, the court permissibly entered dismissal with prejudice based on the parties' stipulation. *See* FED. R. CIV. P. 41(a)(1)(B).

Finally, we note that Alvarez also argues that the district court engaged in unspecified misconduct. He waived this argument by failing to raise it in the district court, *see Johnson v. Dominguez*, 5 F.4th 818, 826 (7th Cir. 2021), and, further, it finds no support in the record.

AFFIRMED